1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>        Plaintiff,<br><br>    v.<br><br>SAI ASHISH, INC.,<br><br>        Defendant. | Case No.  1:21-cv-00967-AWI-SAB<br><br>ORDER RE PLAINTIFF'S RESPONSE TO AUGUST 18, 2021 ORDER TO SHOW CAUSE, DECLINING TO DISCHARGE ORDER TO SHOW CAUSE, AND REQUIRING PLAINTIFF TO FILE PROOF OF SERVICE AND ADDRESS STATEMENT OF SERVICE IN MOVING PAPERS<br><br>(ECF Nos. 7, 9, 10, 11)<br><br>THREE DAY DEADLINE |

On August 5, 2021, Plaintiff filed a motion for default judgment against Defendant Sai Ashish, Inc., and set the motion for hearing before the District Judge  (ECF No. 7.)  On August 6, 2021, the Court reset the hearing for September 15, 2021, before the undersigned in Courtroom 9. (ECF No. 8.)  On August 9, 2021, the Court ordered Plaintiff to serve Defendant with the notice of changed hearing date, and to file proof of such service with the Court within three (3) days.  (ECF No. 9.)  Plaintiff did not file such proof of service nor otherwise respond to the Court's order.  On August 18, 2021, the Court ordered Plaintiff to show cause why sanctions should not be imposed for the failure to comply with the Court's order.  (ECF No. 10.)   On August 18, 2021, Plaintiff's counsel provided a response to the order to show cause ("OSC"). (ECF No. 11.)

1

1        Counsel requests that sanctions not be imposed because he acted "diligently in attempting

2 to comply" with the Court's order.  (ECF No. 11 at 1.)  Specifically, counsel proffers that he

3 emailed the process server the day after the order issued; that in counsel's experience, the

4 process server is extremely timely; that since the email, the process server did not inform counsel

5 of the status, and so it was possible Defendant was provided with timely notice, but counsel does

6 not know yet; and since the OSC issued, counsel has again reached out to the process server and

7 is awaiting a response.  (ECF No. 11 at 2-3.)  Counsel also proffers that he does "not know what

8 [he] could have done differently, but [is] open to the Court's suggestion as to how [he] could

9 have acted in a more diligent manner [and] did not notify the Court of the pending service task,

10 as [he] did not know the status [himself]."  (ECF No. 11 at 3.)

11        As to the requested suggestion from the Court, it appears clear and simple.  Once the

12 Court-imposed deadline was set to expire, counsel should have filed a notice with the Court

13 informing the Court of the status of service, and requesting an extension of the Court-imposed

14 deadline to effectuate and file proof of service.  When counsel states he did not know the status

15 of service, that was because he did not follow through on the obligation to check on the status.

16 In reality, aside from failing to follow up with the process server before the expiration of the

17 deadline, the status was known to counsel – the status was that counsel had requested service,

18 and the process server had not yet returned proof of service.  This is the status that counsel was

19 aware of and that should have been conveyed to the Court.

20        Upon review of the emails incorporated into the response to the OSC, the Court notes that

21 counsel avers that only the summons and complaint have been served in this action.  (ECF No.

22 11 at 2 ("You served the summons and complaint for me in this case.  Since then, Defendant has

23 defaulted, and the Court has ordered me to serve them with the Motion for Default Judgment and

24 a few other documents").)  The Court reviewed the motion for default judgment, and therein,

25 counsel states: "Although notice of these moving papers is not required by Rule 55(b)(2),

26 Plaintiff will concurrently serve notice of these moving papers and has provided Defendant with

27 a courtesy copy of the default proceedings."  (ECF No. 7 at 5.)  While service of the motion may

28 not be required under Federal Rule of Civil Procedure 55(b)(2), Plaintiff affirmed to the Court

1   that service had been completed.  However, no proof of service is attached to the motion, and

2   given the email contained in the OSC response, it does not appear Plaintiff served Defendant

3   with the motion for default judgment despite affirming to have done so.

4          The order to show cause shall remain in effect until Plaintiff complies with the order

5   requiring proof of service to be filed, and otherwise responds to the Court's concerns addressed

6   herein.

7          Accordingly, IT IS HEREBY ORDERED that:

8   1.    The August 18, 2021 order to show cause (ECF NO. 10) remains in effect until

9         Plaintiff complies with the requirement to serve notice of the hearing upon

10        Defendant;

11  2.    Plaintiff shall file a proof of service that the motion for default judgment and

12        order setting new hearing date have been served on Defendant within three (3)

13        days of entry of this order, or otherwise file a response with the Court explaining

14        why such service could not be completed by this deadline despite the diligence of

15        Plaintiff; and

16  3.    Plaintiff shall concurrently file a statement informing the Court of whether the

17        motion for default judgment was in fact served at the time of initial filing, as

18        Plaintiff proffered in the moving papers (ECF No. 7 at 5), or otherwise explain

19        such discrepancy.

20

21  IT IS SO ORDERED.

22  Dated:   **August 19, 2021**

        _____
        UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

3