# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>    Plaintiff,<br><br>    v.<br><br>SAI ASHISH, INC.,<br><br>    Defendant. | Case No. 1:21-cv-00967-AWI-SAB<br><br>ORDER DISCHARGING AUGUST 18, 2021 ORDER TO SHOW CAUSE<br><br>(ECF Nos. 7, 9, 10, 11, 12, 13, 14) |

On August 5, 2021, Plaintiff filed a motion for default judgment against Defendant Sai Ashish, Inc., and set the motion for hearing before the District Judge (ECF No. 7.) On August 6, 2021, the Court reset the hearing for September 15, 2021, before the undersigned in Courtroom 9. (ECF No. 8.) On August 9, 2021, the Court ordered Plaintiff to serve Defendant with the notice of changed hearing date, and to file proof of such service with the Court within three (3) days. (ECF No. 9.) Plaintiff did not file such proof of service nor otherwise respond to the Court's order. On August 18, 2021, the Court ordered Plaintiff to show cause why sanctions should not be imposed for the failure to comply with the Court's order. (ECF No. 10.) On August 18, 2021, Plaintiff's counsel provided a response to the order to show cause ("OSC"). (ECF No. 11.) Therein, counsel proffered he did "not know what [he] could have done differently, but [was] open to the Court's suggestion as to how [he] could have acted in a more diligent manner." (ECF No. 11 at 3.) On August 19, 2021, the Court responded that the answer to this request was simple: once the Court-imposed deadline was set to expire, counsel should

1

1 have made a filing with the Court indicating the status of service and requesting an extension of
2 the deadline. (ECF No. 12.) On August 19, 2021, the Court also ordered Plaintiff to address the
3 apparent discrepancy between the e-mails incorporated into the OSC response, and the proffer in
4 the filed motion for default judgment indicating that the moving papers had been served on
5 Defendant (ECF No. 7 at 5). (ECF No. 12.) The Court also stated the order to show cause
6 would remain in effect until Plaintiff complied by filing the proof of service of the change of
7 hearing date. (Id.)

8       On August 19, 2021, Plaintiff filed a further response to the order to show cause
9 addressing the Court's inquiry regarding the proffer that the motion for default judgment was
10 served when initially filed. (ECF No. 13.) Additionally, on August 20, 2021, Plaintiff filed a
11 proof of service demonstrating the motion and new hearing date was served on Defendant. (ECF
12 No. 14.)

13       In the August 19, 2021 response, Plaintiff's counsel confirms that he did in fact serve the
14 motion for default judgment, "by e-mail because it has been the most effective method of
15 communicating with Defendant direct, but I served nonetheless." (ECF No. 13 at 1.) Counsel
16 states that he generally serves defaulting parties in ADA cases through the general manager of
17 the property, and has done so in this case by calling the property and asking for the general
18 manager's e-mail address then serving the notice of default and other filings through that email.
19 (ECF No. 13 at 2.) Counsel also states that knowing the e-mail address was an effective manner
20 of communicating with Defendant, he served the motion for default judgment by e-mail as well.
21 Plaintiff states that he is not "obligated to personally serve, so [he] believed e-mail service was
22 appropriate." (ECF No. 13 at 3.) Counsel then states that when Plaintiff was ordered to serve
23 the notice of the change of hearing date, he thought he may as well serve the motion for default
24 judgment again since he would be incurring costs of service. (Id.)

25       Plaintiff is correct that the rules do not require service on a party who is in default. See
26 Fed. R. Civ. P 5(a)(2) ("No service is required on a party who is in default for failing to
27 appear."); Fed. R. Civ. P. 55(b)(2) "If the party against whom a default judgment is sought has
28 appeared personally or by a representative, that party or its representative must be served with

1 written notice of the application at least 7 days before the hearing."). The Court notes that
2 although counsel does not believe personal service of the motion was required, it appears counsel
3 assumed such personal service became necessary when the change of hearing date was ordered
4 to be served on Defendant. This appears prudent, as the Court is within its discretion to order
5 service on a defaulting party. See, e.g., First Home Bank v. T.R.A.V. Meat Corp., No. CV 17-
6 7670-MWF(PLAX), 2018 WL 6071045, at *2 (C.D. Cal. Jan. 17, 2018) ("While Rule 55(b)(2)
7 and Local Rule 55-1(e) do not require it when a defaulting defendant has not appeared, as a
8 matter of discretion, this Court consistently requires that a plaintiff serve a motion for default
9 judgment on the relevant defendant(s). The Court does not require service under Rule 4, but
10 does require that the service is reasonably likely to provide notice to the defendant(s) . . . While
11 the Applications are otherwise procedurally sound, the Court declines to enter default judgment
12 in light of the lack of service of the Applications upon Defendants. The Court therefore does not
13 reach the *Eitel* factors at this juncture."); Weiss v. Pei-Lin, No. SACV20972CBMADSX, 2021
14 WL 2302723, at *2 (C.D. Cal. May 10, 2021) ("Plaintiff repeats his contention that this case
15 does "not require service" of a motion for default judgment . . . This Court, however, required
16 and ordered Plaintiff to serve Defendants with notice of any motion for default judgment filed by
17 Plaintiff.").
18   Here, given the moving papers proffered to the Court that the motion for default
19 judgment *was* in fact served at the time of initial filing (ECF No. 7 at 5), the Court expects the
20 term "serve" to mean service was effectuated in compliance with the rules governing service,
21 whether or not service was in fact required specifically for the motion for default judgment.
22 Under the Federal Rules of Civil Procedure, electronic service of documents on a party that has
23 already been served with the summons in the action is allowed through consent of the party
24 being served. See Fed. R. Civ. P. 5(b)(2)(E) ("sending it by other electronic means that the
25 person consented to in writing"). California law similarly requires consent for service by e-mail.
26 See Cal. Rules of Court, rule 2.251(b) ("A party or other person indicates that the party or other
27 person agrees to accept electronic service by . . . [s]erving a notice on all parties and other
28 persons that the party or other person accepts electronic service and filing the notice with the

court.  The notice must include the electronic service address at which the party or other person agrees to accept service."); Lasalle v. Vogel, 36 Cal. App. 5th 127, 138, 248 Cal. Rptr. 3d 263, 270-71 (2019) ("We find it significant that by law e-mails are insufficient to serve notices on counsel in an ongoing case without prior agreement and written confirmation . . . The choice of e-mail to announce an impending default seems to us hardly distinguishable from stealth."); Cal. Civ. Proc. Code § 1013(e)-(g) ("Service by facsimile transmission shall be permitted only where the parties agree and a written confirmation of that agreement is made . . . Electronic service shall be permitted pursuant to Section 1010.6 and the rules on electronic service in the California Rules of Court.").  Nowhere in counsel's declaration does he appear to proffer that Defendant or any of Defendant's representatives expressly consented to service by e-mail in writing.[1]

In the future, the Court expects deadlines to be complied with, and does not find counsel's invitation to the Court to provide guidance regarding how counsel could have complied further to be prudent, given the answer was abundantly clear, as stated above and in the previous order.  Nonetheless, given counsel's thorough declarations and the fact a proof of service has now been filed, the August 18, 2021 order to show cause shall now be discharged.

Accordingly, IT IS HEREBY ORDERED that the August 18, 2021 order to show cause (ECF No. 10) is HEREBY DISCHARGED.

IT IS SO ORDERED.

Dated:   **August 23, 2021**

UNITED STATES MAGISTRATE JUDGE

---

[1] The Court does routinely determine the sufficiency of the service of the *complaint and summons* when deciding whether to recommend the motion for default judgment be granted.  See J & J Sports Prods., Inc. v. Singh, No. 1:13-CV-1453-LJO-BAM, 2014 WL 1665014, at *2 (E.D. Cal. Apr. 23, 2014); Penpower Tech. Ltd. v. S.P.C. Tech., 627 F. Supp. 2d 1083, 1088 (N.D. Cal. 2008); Mason v. Genisco Tech. Corp., 960 F.2d 849, 851 (9th Cir. 1992).
Although it appears service of the motion for default judgment is not required under the federal rules, Plaintiff is free to file a supplement to address whether consent to serve via e-mail was acquired, or was not necessary when the initial notice of the motion was provided to Defedant, before the Court issues its findings and recommendations on the motion for default judgment.