# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SAI ASHISH, INC.,<br><br>　　　　Defendant. | Case No. 1:21-cv-00967-AWI-SAB<br><br>ORDER DENYING MOTION TO FILE SUR-RESPONSE TO MOTION TO SET ASIDE DEFAULT/DISMISS<br><br>(ECF No. 24) |

On August 26, 2021, Defendant filed a motion to set aside the entry of default and/or dismiss the complaint. (ECF No. 16.) Plaintiff filed an opposition to the motion (ECF No. 22) and Defendant filed a reply (ECF No. 23). On October 6, 2021, the parties appeared before the Court for the hearing on the motion. (See ECF No. 19.) Later that afternoon, Plaintiff filed the instant "motion to file sur-response to motion to set aside default and to dismiss." (ECF No. 24.)

Plaintiff seeks to file a surreply in order to brief the Court on two Ninth Circuit cases: Whitaker v. Tesla Motors, Inc., 985 F.3d 1173 (9th Cir. 2021), which Plaintiff maintains supports the element of injury-in-fact in Plaintiff's ADA claim, and Gordon v. Virtumundo, Inc., 575 F.3d 1040, 1043 (9th Cir. 2009), which Plaintiff raised during the hearing on the motion but did not cite in any of her briefings. For the following reasons, Plaintiff's motion is denied.

First, Plaintiff is advised that parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired. Local Rule 230(l). Indeed, the Court generally views motions for leave to file a surreply with disfavor. Hill v. England, No.

1

1  CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes-
2  Benz USA, LLC, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005)).  Nontheless, district courts have
3  the discretion to either permit or preclude a surreply.  See U.S. ex rel. Meyer v. Horizon Health
4  Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to
5  permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n. 14 (9th
6  Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did
7  not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996)
8  (new evidence in reply may not be considered without giving the non-movant an opportunity to
9  respond).

10    Here, the cases Plaintiff identifies are not "recent" as Plaintiff contends: Whitaker was
11  filed in January 2021 (several months before Plaintiff initiated the instant action) and Gordon is a
12  case from 2009.  Nor do the cases address any novel issues with respect to Plaintiff's Americans
13  with Disabilities Act ("ADA") claim that were not already briefed by the parties in their
14  respective filings.  In short, both cases were readily available to Plaintiff at all relevant times and
15  could have been cited to in Plaintiff's motion for default judgment or opposition to Defendant's
16  motion to set aside the default, should she have deemed them sufficiently relevant to do so.
17  Indeed, given Plaintiff's self-proclaimed title as a "serial tester" of ADA regulations and filing
18  lawsuits against public places of accommodation, Plaintiff is presumably aware of the
19  importance of making all relevant arguments and citing to the applicable legal authorities at the
20  appropriate time: in the briefings permitted under the Local Rules.  Plaintiff's failure to address
21  such cases or raise relevant arguments at the appropriate time cannot be remedied through a
22  belated surreply filing.[1]

///
///
///
///

---

[1] Regardless, the Court is not unaware of the Ninth Circuit authority identified by Plaintiff in the instant motion, as it has considered those and other cases relevant to Plaintiff's claims within the context of the parties' pending motions.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to file sur-response to motion to set aside default and to dismiss (ECF No. 24) is DENIED.

IT IS SO ORDERED.

Dated: __**October 6, 2021**__

UNITED STATES MAGISTRATE JUDGE

3